2001 OK CIV APP 131

Janice HICKMAN, Plaintiff/Appellant,

v.

French HICKMAN; Smith, Shew, Scrivner, Corbin & Watts, P.C.; and Craig & Bauman, P.L.L.C., Defendants/Appellees.

No. 95,960.

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 25, 2001.

Lee F. Peoples, Klingenberg & Associates, P.C., Oklahoma City, OK, for Appellant.

Debby Walden, Midwest City, OK, for Appellee Hickman.

Laura J. Corbin, D. Craig Shew, Smith, Shew, Scrivner, Corbin & Watts, P.C., Ada, OK, for Appellee Law Firms.

REIF, Vice Chief Judge:

¶ 1 This appeal concerns a dispute between a client and her attorneys over the amount of the attorneys' contingency fee for successful litigation on client's behalf. The parties agree that their written contract expressly provides for "a contingent fee of one-third of all monies recovered for Clients by Attorneys, if that money is recovered before Pretrial Conference, [and] 40% of all monies recovered for Clients by Attorneys, if that money is recovered after Pretrial Conference." Client contends that the attorneys are entitled to a one-third fee, because the attorneys obtained a default judgment as a discovery sanction before the date of the pretrial conference. The attorneys acknowledge that judgment was entered prior to the date of the pretrial conference, but stress their services to collect the money due under the judgment were rendered after the date of the pretrial conference. In client's opinion, the money was "recovered" upon entry of the judgment, while the attorneys believe that it was "recovered" when collected. The trial court agreed with the attorneys and granted them summary judgment. Client appeals.

¶ 2 The case of *Covert v. Randles*, 53 Ariz. 225, 87 P.2d 488, 490 (1939), involved a similar dispute over a contingency fee contract that provided the attorneys would receive "8% of the amount *recovered* up to the sum

of $20,000.00, and 5% of the balance *recovered*." (Emphasis added.) The Supreme Court of Arizona observed that "the word 'recover' when employed in statutes and in contracts as a basis for calculating a fee or percentage has attained a well-defined meaning." *Id.* The Court further observed that "recover" can have a meaning in either a "Broad General Sense" or a "Narrower Legal Sense." *Id.*

¶ 3 The Arizona Supreme Court stated that the meaning of recover in the "Broad General Sense" is "[t]o collect; to come into possession of; to get, obtain, procure, receive, and the like." *Id.* The Court also noted that the meaning of recover in the "Narrower Legal Sense" is as follows:

> [V]ariously defined as to be successful in a suit; to collect or obtain the amount, possibly by a suit at law; to have judgment; to obtain a favorable or final judgment; to obtain by course of law; to obtain by judicial action or proceeding, or in any legal manner; to obtain by means of an action, in contrast to voluntary payment; to obtain title to by final decree or judgment in a court of law; to succeed in an action, or in a law suit; and in this legal sense, it has been held not to include necessarily, or even ordinarily, the actual payment of the money sued for.

*See also* BLACK'S LAW DICTIONARY 1147 (5th ed.1979).

■ ¶ 4 In order to determine which meaning the parties intended, the Arizona Supreme Court looked to the language of the contract as a whole and applied a recognized rule of construction. The Arizona Supreme Court followed the rule of construction found in 7 C.J.S. *Attorney and Client* § 191, now 7A C.J.S. *Attorney and Client* § 322 (1980) (footnotes omitted). Both versions of the rule similarly provide:

> Under a contract for a contingent fee, the percentage to which the attorney is entitled and the amount or property on which it is to be based depend on a fair and reasonable construction of the terms of the agreement....

> The percentage coming to the attorney is usually reckoned on the amount actually recovered by the client.

The statement of the rule found in § 322, limiting the percentage to the "amount actually recovered," also specifically notes that the percentage is generally "not [applied] on the amount of the verdict or judgment, or the amount initially sued for."

¶ 5 In *Covert*, the Arizona Supreme Court concluded that a fair and reasonable construction of the language of the contract at issue, in light of the object of the attorneys' services, revealed that the parties used "recovered" in the "Broad General Sense" to mean "collect." The Court stated: "The *intent* of the parties governs and if it appears from the contract that the parties intended that the word 'recover,' as used therein, should mean the same as 'to collect,' 'to come into possession of,' 'to get,' etc., we should so construe it." 53 Ariz. at 230, 87 P.2d at 490.

■ ¶ 6 We believe that the analysis of the Arizona Supreme Court is sound and, therefore, we follow it in deciding the instant case. In reviewing another important provision in the contract, we conclude that the parties herein used and intended "recovered" in the "Broad General Sense" to mean "collected." In addition to conditioning the percentage of the fee on whether *money* was "recovered" either before or after the pretrial conference, the contract also states: "In the event Attorneys recover no money for Clients they shall be paid no attorneys fee." All of the provisions addressing the attorney fee are expressed in terms of recovery of "money," rather than recovery of "judgment," or some similar language that would indicate the fee is earned simply by prevailing on the client's claim.

¶ 7 We observe that the attorneys herein "recovered" all the money to satisfy the judgment *after* the date of the scheduled pretrial conference. That is, the case was not concluded by the recovery of money prior to the pretrial conference, and it was necessary for the attorneys to extend their services and efforts well past the pretrial conference to achieve the recovery of money for client.

¶ 8 Both the language of the contract and the law applied to the undisputed circumstances of this case dictate that the attorneys were entitled to a 40% contingency fee. Accordingly, the trial court did not err in granting summary judgment in favor of the attorneys and awarding them the amount in dispute (i.e., the difference between one-third of the money recovered/collected by the attorneys and 40% of the money recovered/collected by the attorneys).

¶ 9 AFFIRMED.

¶ 10 GOODMAN, P.J., and COLBERT, J., concur.